**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 17-244 |
| | : | |
| | : | |
| MIGUEL ZAVALA-LOPEZ | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Miguel Zavala-Lopez files this memorandum in aid of mitigation at sentencing. The Presentence Investigation Report prepared by Senior United States Probation Officer Jacqueline Widmeier concludes that the advisory guideline range is 0-6 months- based on a total offense level 6, Criminal History Category I. Given the particular facts and circumstances of this case, the defense suggests that a sentence of time served would best fulfill sentencing goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and the subsequent cases reaffirming its holding, and 18 U.S.C. §3553(a).

**I.    PROCEDURAL HISTORY**

On May 4, 2017, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Mr. Zavala-Lopez with one count of Illegal Reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). Mr. Zavala-Lopez entered a guilty plea to the indictment on June 13, 2017. Sentencing is scheduled for October 4, 2017.

**II.    MR. ZAVALA-LOPEZ'S PERSONAL HISTORY**

Mr. Zavala-Lopez's personal history is briefly summarized in the pre-sentence report. He had a life which is similar to most people who stand before this Court awaiting sentencing for

this offense. He is the youngest of seven children born to Gidaldo Zavala and Guadalupe Lopez. The defendant's father supported the family by farming corn and beans and raising livestock. The defendant began helping on the farm as a young child and, as the youngest child, stayed in Mexico helping his family while his older brothers moved to the United States to find better paying work. When the defendant was 18 years old, he moved to the U.S. and joined his brothers in Chester County, Pennsylvania, where he immediately found work, primarily as a mushroom farmer. He has maintained employment during the time he was in this country. The defendant has been involved in a relationship with Erica Zavala for almost 5 years. Together they have two young children, both of whom have special needs. The defendant has been a devoted father who has always cared and provided for his family. He intends to make every legal effort to remain in the United States to care for his children, but fully understands that he will likely be deported. Should that occur, Mr. Zavala-Lopez has family in Mexico to help support him; he and his family in this country well understand that he may not return without proper permission.

     As is common among undocumented aliens, especially those from Mexico, his efforts to cross the border resulted in several contacts with Border Control Agents. Also common, is the multiple voluntary departures following these encounters. There is no question that this practice is employed due to the volume of people crossing the border without permission. By that same token, there can be no question that this practice does little, if anything, to discourage border crossings. Even when Border Control Agents increased their deterrence efforts by formally deporting Mr. Zavala-Lopez, the administrative process was nothing compared to the present criminal prosecution.

     His motivation for re-entering was only to be with his children and to work to support his family. Even now, as he remains in custody, he is faced with the added stress of hearing how his

incarceration is affecting his children's standard of living.  As a result of this, he is firmly resolute to never return to this country.  He realizes that he cannot return to this country without risking re-arrest and additional criminal penalties.  Bearing in mind that he has never been in custody as long as he has been prior to now, this experience has impacted him deeply and has served the deterrent effect that his prior contacts with Border Patrol agents did not achieve.  Additionally, he knows that the current political climate supports the implementation of harsher penalties for aliens with histories of prior convictions and deportations, such as him.  This further reinforces the need for him to refrain from reentering the United States.

**III.     APPLICATION OF THE STATUTORY FACTORS TO THIS CASE**

The Court must consider all of the factors identified in 18 U.S.C. §3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. §3553(a)(1).

    **A.     The Nature and Circumstances of the Offense and History and Characteristics of Mr. Zavala-Lopez**

Mr. Zavala-Lopez's work history and his motive for the commission of the instant offense, all weigh in favor of a sentence of time served.

    **B.     The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

        *1.     To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr. Zavala-Lopez's period of incarceration is especially difficult given his inability to help his family.  The guidelines generally account for harm, but not at all for the motive for committing the offense, which is highly relevant.  Mr. Zavala-Lopez understands that he should not have returned to the United States and is acutely aware of the potential for additional punishment in this and future cases.  A sentence of time served would not promote a lack of

respect for the law as Mr. Zavala-Lopez is presently incarcerated and will remain in custody at a minimum until deportation.

As the Court is aware, deportations are not immediate and Mr. Zavala-Lopez is likely to be incarcerated beyond whatever sentence this Court imposes. A time served sentence represents a within guideline range sentence. Sentences within the guideline range are relatively common for many similarly compelling reasons and do not undermine respect for the law.

    2. *To afford adequate deterrence to criminal conduct.*

A sentence above time served is neither warranted nor necessary to further deter Mr. Zavala-Lopez from returning. He understands what he would likely face if he returns in the future, which is unfathomable to him given his present guideline range. Mr. Zavala-Lopez has been incarcerated since April 7, 2017. Mr. Zavala-Lopez is very much aware of the significant period of incarceration he faces both and now and in the future should he to return again. Moreover, the fact that Mr. Zavala-Lopez was prosecuted for this offense, in lieu of immediate deportation, should serve as sufficient deterrence.

    3. *To protect the public from further crimes of the defendant.*

Mr. Zavala-Lopez poses no threat to the public. He will be returned to immigration custody for deportation upon completion of his sentence. Protection of the public is of diminished concern in this case.

  **C.** **Kinds of Sentences Available**

The range of sentences statutorily available to the Court, including the advisory guidelines range, are listed in Part D of the PSR. Based upon a total offense level of 6 and a criminal history category of I, the guideline imprisonment range is zero to six months; since the range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required. Further,

4

the range includes a sentence of incarceration of up to two years, not more than 1 year of supervised release, and a fine of up to $250,000.  Section 5D1.1(c) discourages the Court from imposing a period of supervised release. It reads as follows: The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.

### IV.    CONCLUSION

Based on the above reasons, the defense respectfully requests the Court impose a sentence of time served.

Respectfully submitted,

*/s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Chief, Trial Unit

## CERTIFICATE OF SERVICE

I, Elizabeth L. Toplin, Assistant Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically served a copy of Defendant's Sentencing Memorandum *via* Electronic Case Filing, upon Laurie Magid, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

> */s/ Elizabeth L. Toplin*
> ELIZABETH L. TOPLIN
> Assistant Chief, Trial Unit

Date:   September 27, 2017